(101 So. 904)

LASHLEY et al. v. STATE.    (7 Div. 978.)

(Court of Appeals of Alabama.    Sept. 2, 1924. Rehearing Denied Oct. 7, 1924.)

1. Indictment and information ⬯110(3½)— Indictment for manufacture of prohibited liquors held in proper form and substance.

Indictment charging that defendants did distill, make, or manufacture certain alcoholic, etc., liquors, some part of which was alcohol, contrary to law, was in proper form and substance.

2. Indictment and information ⬯110(3½)— Indictment charging possession of still for manufacturing prohibited liquors held in proper form and substance.

Indictment charging that defendants manufactured, sold, gave away, or had in possession a still, apparatus, appliance, or substitute therefor to be used for manufacturing prohibited liquors contrary to law, was in proper form and substance.

3. Criminal law ⬯747—Jury question presented when evidence in sharp conflict.

Where evidence is in sharp conflict, a jury question is presented.

Appeal from Circuit Court, Randolph County; S. L. Brewer, Judge.

Will and Jake Lashley were convicted of violating the prohibition law, and they appeal. Affirmed.

Certiorari denied by Supreme Court in Ex parte Lashley et al., 212 Ala. 66, 101 So. 905.

The indictment is as follows:

"The grand jury of said county charge that, before the finding of this indictment, Will Lashley and Jake Lashley did distill, make, or manufacture alcoholic, spirituous, malted, or mixed liquors or beverages, some part of which was alcohol, contrary to law.

"And the grand jury of said county further charge that, before the finding of this indictment, and more than 60 days since the 30th day of September, 1919, Will Lashley and Jake Lashley manufactured, sold, gave away, or had in possession a still, apparatus, appliance, or some device or substitute for a still, apparatus, or appliance to be used for the purpose of manufacturing prohibited liquors, or beverages

contrary to law, against the peace and dignity of the state of Alabama."

Defendant demurred to the indictment (second count) on the ground that it states the offense in the alternative and fails to specify or particularize what constitutes the apparatus, the appliance, the device, or substitute for a still, etc., therein mentioned.

Stell Blake, of Roanoke, and E. P. Gay and Pruet & Glass, all of Ashland, for appellants.

The second count of the indictment was subject to demurrer. State v. Brown, 4 Port. 413; Turnipseed v. State, 6 Ala. 664; Grattan v. State, 71 Ala. 344; Stollenwerck v. State, 201 Ala. 392, 78 So. 454; Anthony v. State, 29 Ala. 29; Miles v. State, 94 Ala. 106, 11 So. 403; Johnson v. State, 32 Ala. 585; Horton v. State, 53 Ala. 488. The general affirmative charge should have been give for defendant. L. & N. v. Marbury Lbr. Co., 125 Ala. 252, 28 So. 438, 50 L. R. A. 620.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

BRICKEN, P. J. [1, 2] These defendants were indicted under two counts; one for distilling, etc., prohibited liquors, and count 2 for the unlawful possession of a still to be used for the purpose of manufacturing prohibited liquors, etc.

The principal insistence of error upon this appeal is that the indictment was defective and failed to charge an offense, therefore the lower court erred in overruling the demurrers to the indictment. Both counts of the indictment were in proper form and substance, and the court properly so held by overruling the demurrers. Tim Hallmark v. State (Ala. App.; 77 Div. 924), ante, p. 281, 101 So. 905.

[3] The evidence adduced upon the trial of these defendants by the state tended to make out the offense charged in the second count of the indictment (the count upon which they were convicted), and, if believed by the jury under the required rules, was amply sufficient upon which to base the verdict rendered. The evidence as a whole was in sharp conflict, and therefore presented a jury question. The rulings of the court upon the admission of testimony to which exception was reserved were so clearly free from error no discussion of these questions need be indulged.

There was no error in refusing the special charges requested by defendant.

The record proper is without error also. Let the judgment stand affirmed.

Affirmed.